STATE *vs.* FRANCIS H. RYAN.

*Bigamy—Evideuce.*

1.   The law makes a wife competent to testify against the husband in a civil action, but not in a criminal action; she may, however, be allowed *ex necessatati* in the latter action to contradict the testimony of the defendant to the effect that she, the wife, had told him that she had a husband then living.

2.   Where a person sets up as a defence that his first marriage was not lawful because of a former husband, the burden of proof is upon him to show it.

(*November 18, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Peter L. Cooper, Jr.*, Deputy Attorney-General for the State.
(The prisoner was unrepresented by counsel.)

Court of General Sessions, New Castle County, November Term, 1897.

At this term the defendant was indicted for bigamy.   At the trial Mr. Cooper called Sadie Ryan to the witness stand and stated to the Court that he proposed first to prove by her that she was the legal wife of the defendant, and, second, certain facts to substantiate the charge of bigamy against the defendant.

LORE, C. J:—The law makes a wife competent to testify against the husband in a civil action, but not in a criminal action. It is hornbook law that she cannot testify for or against her husband in a criminal case, and the enabling statute in this State does not cover it.

After proving by Walter Witsil, State Detective, certain admissions made to him by the defendant as to his legal marriage with Sadie Ryan, his reasons for leaving her and the fact that he had subsequently married another woman in Wilmington, and by Deputy Clerk of the Peace Janvier, that he had issued a license to one Francis H. Ryan, colored, on the twenty-first day of August, 1897, permitting his marriage to Annie Bailey; the prisoner was allowed to take the stand in his own behalf and proceeded to give a detailed account of his life as the husband of

Sadie Ryan, stating, among other things, that she had told him that he was not her husband; that her husband was still living and would kick him, the defendant, out if she desired it.

*Mr. Cooper* here asked that the alleged wife, Sadie Ryan, be allowed to take the stand to contradict the statement of the defendant to the effect that she, the wife, had told him that she had a husband then living, contending this was an exception to the rule of exclusion.

*1 Greenleaf on Evidence, Sections 343 and 344.*

Lore, C. J.:—A majority of the Court think that this testimony ought to go in. But we want to state to what extent. The question as to whether there was a former marriage or not, whether what this man says is true or not, is a material point in this case—it is *the* material point. The defendant has gone upon the stand under the statute of this State. He has testified that the woman to whom it is alleged he was first married stated to him practically that she was not his wife, that she had a former husband living, who would come there and kick him out. In the breasts of those two people alone the knowledge exists. Now he has so shown, and to contradict him upon that point, to show that she made no such statement to him as to a former marriage, we think is competent testimony, but it should be confined to a contradiction of the statement that she had a former husband living who still occupied the relation of husband. She cannot prove the fact of her divorce, but she is confined to the contradiction of the statement made by the defendant as before stated.

Lore, C. J., charging the jury:

Gentlemen of the jury:—Francis H. Ryan is charged in the indictment with bigamy. That is, that on the date alleged in the indictment he, then having a wife to whom he was lawfully married, married another woman. If you believe from the testimony in the case that he was lawfully married to his alleged first wife and that he being so lawfully married, married another woman, then he is guilty of this offense.

Where a person sets up as a defense that his first marriage was not lawful because of a former husband, that defense is for him to prove, in such a way as will satisfy you in your judgment

as reasonable men, that the first marriage was not a legal and proper one.    The burden of proof is upon him to show it.

If you believe from the testimony on the part of the State that the first marriage was a legal and proper one, then this second marriage would be unlawful and he would be guilty of the crime charged in the indictment.    You have heard the testimony as to his admissions, etc.    The facts are before you, and it is for you to say from the evidence whether he is guilty or not guilty.

Verdict, guilty.